# Authority of the Chemical Safety and Hazard Investigation Board to Delegate Power

Although the Chemical Safety and Hazard Investigation Board may not name an "Acting Chairperson," it may delegate administrative and executive authority to a single member while the position of chairperson is vacant.

April 19, 2002

LETTER OPINION FOR THE U.S. CHEMICAL SAFETY AND HAZARD
INVESTIGATION BOARD

You have asked whether the Chemical Safety and Hazard Investigation Board ("Board") may delegate executive and administrative authority, previously exercised by its chairperson, to a single member while the position of chairperson is vacant. We believe that it may, as long as it does not purport to name that member the "Acting Chairperson."

The Board's five members, including a chairperson, are appointed by the President with the advice and consent of the Senate. 42 U.S.C. § 7412(r)(6)(B) (1994). The chairperson "shall be the Chief Executive Officer of the Board and shall exercise the executive and administrative functions of the Board." *Id*. For more than two years now, the Board has been without a chairperson. The issue here is what action the Board may take to maintain its operations until a new chairperson is appointed.

We do not believe that the Board may formally name an acting chairperson. Here, as in an earlier instance where we determined a board could not take such action, "[t]here is no suggestion in any provision of the [statute] that the Board has any authority or role in determining who will be the chairperson or in designating an acting chairperson." Memorandum for Christopher D. Coursen, Advisory Board for Cuba Broadcasting, from Daniel L. Koffsky, Acting Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Authority of the Advisory Board for Cuba Broadcasting to Act in the Absence of a Presidentially Designated Chairperson* at 5 (Jan. 4, 2000). "In the absence of any such specific provision, it should be assumed that the power to designate an [a]cting [c]hair[person] remains in the President," *Federal Home Loan Bank Board—Chairman—Vacancy—Reorganization Plan No. 3 of 1947 (5 U.S.C. App. 1), Reorganization Plan No. 6 of 1961 (5 U.S.C. App.)*, 3 Op. O.L.C. 283, 283 (1979). To be sure, the principal statutory means by which the President may fill vacancies on an acting basis, the Vacancies Reform Act, is not available here, because it does not apply to "any member who is appointed by the President, by and with the advice and consent of the Senate to any board, commission, or similar entity that . . . is composed of multiple members; and governs an independent establishment." 5 U.S.C. § 3349c(1) (2000). The Board is a multi-member body governing an "independent establishment," 5 U.S.C. § 104 (2000), and the position of its chairperson is thus

29

within this exclusion from the Vacancies Reform Act. Nevertheless, as our earlier opinions suggest, the President might well have authority to name an acting chairperson, based on his statutory role in appointing the chairperson and on the Take Care Clause of the Constitution, U.S. Const. art. II, § 3, even if no express statutory authority to name an acting chairperson is available.

Even without being able to name an acting chairperson, however, the Board may provide for the discharge of its administrative and executive duties when the position of chairperson is vacant. Although the chairperson "shall be the Chief Executive Officer of the Board and shall exercise the executive and administrative functions of the Board," 42 U.S.C. § 7412(r)(6)(B), we believe that the statute gives the Board as a whole an area of executive and administrative responsibility in which it can act in the present circumstances.

We previously have analyzed the division of authority between the chairperson and the Board as a whole. Memorandum for Paul-Noel Chretien, General Counsel, Chemical Safety and Hazard Investigation Board, from Randolph D. Moss, Acting Assistant Attorney General, Office of Legal Counsel, *Re: Division of Powers and Responsibilities Between the Chairperson and Chemical Safety and Hazard Investigation Board and the Board as a Whole* (June 26, 2000) ("2000 Opinion"). As we noted, "[t]he terms 'Chief Executive Officer' and 'executive and administrative functions,'" by which the Board's organic statute describes the duties of the chairperson, "are decidedly vague, and nowhere does the [statute] define them." 2000 Opinion at 3. We pointed out that the statute gives the Board as a whole the authority to "establish such procedural and administrative rules as are necessary to the exercise of its functions and duties," 42 U.S.C. § 7412(r)(6)(N), and that the legislative history recognizes that "[t]he chair's conduct of the executive function is subject to oversight by the Board as a whole," S. Rep. No. 101-228, at 229 (1989), *reprinted in* 1990 U.S.C.C.A.N. 3385, 3613. We also stated that "[o]ur past opinions addressing governance issues raised by multi-member boards and commissions have repeatedly recognized that basic and well-established principles of corporate common law make clear 'that the basic premise governing deliberative bodies is that the majority rules.'" 2000 Opinion at 4 (quoting Letter for Mason H. Rose V, Chairperson, United States Architectural and Transportation Barriers Compliance Board, from Larry L. Simms, Deputy Assistant Attorney General, Office of Legal Counsel at 2 (Sept. 17, 1981)). We concluded that "day-to-day administration of Board matters and execution of Board policies are the responsibilities of the chairperson, subject to Board oversight, while substantive policymaking and regulatory authority is vested in the Board as a whole" and that "[i]n disputes over the allocation of authority in specific instances, the Board's decision controls, as long as it is not arbitrary or unreasonable." 2000 Opinion at 2. In this regard, we observed that although "the statutory assignment of the Board's executive and administrative functions to the chairperson necessarily vests the chairperson with a degree of managerial autonomy," "any number of Board activities or day-to-day aspects of Board business, while at least in part administra-

tive and even seemingly mundane, may involve or affect the Board's duties and functions in ways that are of legitimate concern to the Board as a whole." *Id*. at 4.

The considerations that go into drawing this indistinct line between the Board's duties and the chairperson's duties necessarily change when the position of chairperson is vacant. In those circumstances, actions that might otherwise have been within the chairperson's autonomous authority will "involve or affect the Board's duties and functions in ways that are of legitimate concern to the Board as a whole." 2000 Opinion at 4. The unavailability of a chairperson may mean that action necessary to the continued operation of the Board is in danger of not being performed at all. In our view, therefore, the Board acts within its area of administrative authority when, in these circumstances, it takes the steps necessary to maintain its operations.

The Board may proceed in a variety of ways. It may perform the necessary administrative actions itself or may delegate the authority to take these actions to one or more of its members. *See* S. Rep. No. 101-228, at 229, *reprinted in* 1990 U.S.C.C.A.N. at 3613 ("The Board . . . may (by vote) delegate responsibilities to the chairperson or other member[s]. . . ."). It may use its authority to "establish . . . procedural and administrative rules" to provide for performance of the administrative actions. 42 U.S.C. § 7412(r)(6)(N). And to the extent the authority to take the action in question could be delegated to staff, either the Board as a whole or an individual member who is initially assigned the responsibility by the Board may make such a delegation.

We recognize that if all of the administrative authorities at issue are united in a single Board member, that Board member might appear to be an "Acting Chairperson." As a matter of law, however, we do not believe that the Board would be naming an acting chairperson if it conferred administrative responsibilities on a single member. The member could not use the title "Acting Chairperson"; and while the use of a title may be primarily a formal matter, it is a formal matter of some significance. The title would suggest a measure of the status and prestige associated with the position of chairperson—a position that can be conferred only by the President with (except in the case of a recess appointment) the advice and consent of the Senate. Further, conferral of the title by the Board might bring into question *the President's* authority to name an acting chairperson. By itself, the assignment of duties and powers to a single member would not raise these concerns.

We therefore conclude that, during the vacancy in the position of Chairperson, the Board may assign its executive and administrative authority to a single member.

JAY S. BYBEE
*Assistant Attorney General*
*Office of Legal Counsel*